United States District Court
Southern District of Texas
**ENTERED**
October 25, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ROBERT P.,[1] § § Plaintiff. § § v. § CIVIL ACTION NO. 4:24-cv-00260 § COMMISSIONER OF SOCIAL § SECURITY, § § Defendant. § | |

## OPINION AND ORDER

Plaintiff Robert P. seeks judicial review of an administrative decision denying his applications under the Social Security Act (the "Act") for Title II disability and disability insurance benefits and Title XVI supplemental security income. Robert P. and Defendant Martin O'Malley, the Commissioner of the Social Security Administration (the "Commissioner")[2] have both filed briefs. *See* Dkts. 9, 10. After reviewing the briefing, the record, and the applicable law, I reverse the Commissioner's decision and remand this matter to the Social Security Administration for further proceedings consistent with this Opinion and Order.

## BACKGROUND

Robert P. filed applications for Title II disability and disability insurance benefits and Title XVI supplemental security income on January 27, 2022, alleging disability beginning October 1, 2020. His applications were denied and denied

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. O'Malley is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

again upon reconsideration. On May 9, 2023, an Administrative Law Judge ("ALJ") held a hearing and found that Robert P. was not disabled. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment;

2

(4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Robert P. "has not engaged in substantial gainful activity since October 1, 2020, the alleged onset date." Dkt. 8-3 at 21.

The ALJ found at Step 2 that Robert P. suffers from "the following severe impairments: adenocarcinoma of the prostate, radiation cystitis, attention deficit hyperactivity disorder, depressive disorder, and anxiety disorder." *Id.* at 22.

At Step 3, the ALJ found that Robert P. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.*

Prior to consideration of Step 4, the ALJ determined Robert P.'s RFC as follows:

> [Robert P.] has the residual functional capacity to perform a light exertional level except he can stand and/or walk for a total of 4 hours out of an 8[-]hour day. He is able to understand, carry out and remember detailed but not complex instructions.

*Id.* at 24.

At Step 4, the ALJ found that Robert P. "is capable of performing past relevant work as a hotel clerk" and, therefore, is not disabled. *Id.* at 26.

## DISCUSSION

Robert P. argues that "[t]he ALJ's RFC determination is unsupported by substantial evidence as she failed to rely on any medical opinion and instead made up the RFC out of whole cloth." Dkt. 9 at 2. I agree that the ALJ's RFC determination is unsupported by substantial evidence. The reason I find the ALJ's RFC determination unsupported by substantial evidence is because the ALJ has not provided enough explanation to permit judicial review.

"The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). The ALJ reasons that her RFC determination is

> supported by objective records indicating that the prostate cancer is in remission, stabilization of urinary symptoms with medication treatment and surgical procedures, stabilization of mental symptoms with psychotropic medication, and reported activities of daily living.

Dkt. 8-3 at 26. But that is all the ALJ says. The sum of the ALJ's reasoning regarding Robert P.'s limitations is a mere sentence that contains zero citations to the objective medical evidence.[3] Moreover, the ALJ fails to articulate *which* reported activities of daily living support Robert P.'s ability to sit/stand for four hours a day or to carry out detailed instructions. This may very well be one of those circumstances where the ALJ should have ordered a consultative examination. Of course, it is equally possible that with *thorough* analysis the ALJ could have supported her RFC determination without ordering a consultative examination. But I need not reach that question. As written, the ALJ's decision is simply too scant to permit judicial review.

Although the ALJ's RFC determination is premised on Robert P.'s ability to stand or walk for four hours a day, the record is replete with evidence that Robert P.'s scrotal swelling prevents him from doing so. During the hearing, Robert P. testified that his scrotum swells if he is on his feet for at least three hours, and that

---

[3] The first, second, third, and tenth paragraphs of the ALJ's RFC analysis are boilerplate, and the ALJ's recounting of Robert P.'s testimony is not analysis.

he cannot sit for more than 30 minutes at a time. *See* Dkt. 8-3 at 45–46. Robert P. also testified that once his scrotum is swollen, he must ice his scrotum for "two-and-a-half to three hours" before the swelling subsides. *Id.* at 47. The ALJ recounted Robert P.'s testimony that "[s]itting is extremely painful" and that Robert P. must "twist and turn, shift back and forth, and get up and then sit back down." *Id.* at 25. The ALJ also recounted Robert P.'s testimony that his "scrotal pain is constant and the swelling will go down but then it comes back." *Id.*

The ALJ recognized that Robert P.'s "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but found that his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* Notably missing from the ALJ's decision is any explanation as to what medical evidence and other evidence is inconsistent with Robert P.s symptoms. It is incumbent on the ALJ to provide some factual basis for this conclusion. Otherwise, it is impossible for me to determine whether there is substantial evidence supporting the ALJ's decision.

The ALJ also rejected Robert P.'s complaints of scrotal swelling and its effects on his ability to sit/stand for prolonged periods for the following reason:

> As for [Robert P.]'s statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because [Robert P.]'s reported activities are not shown to be consistent with his claim of total disability. (Exhibits 4E, 7E, and Testimony).

*Id.* Yet, the ALJ never explains *what* reported activities are inconsistent with Robert P.'s alleged symptoms. Moreover, the ALJ never *asked* Robert P. about his daily activities during the hearing. Thus, it is unclear what testimony the ALJ is referencing when she writes that Robert P.'s testimony is inconsistent with his alleged symptoms. Where, as here, "the evidence clearly favors the claimant, the ALJ must articulate reasons for rejecting the claimant's subjective complaints of pain." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). The ALJ did not do that here, and it is not my job to guess. *See Chenery Corp.*, 332 at 196. "[T]he line

between guessing and creating a post hac rationalization for the ALJ's decision is infinitesimally small, if not non-existent. Because I cannot pin down the ALJ's reasoning with certainty, I decline to engage in any post hoc rationalization." *Schwartz v. Kijakazi*, No. 4:20-cv-00739, 2021 WL 3620071, at *3 (S.D. Tex. Aug. 16, 2021).

"'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). Only if a claimant can demonstrate that his substantial rights were affected—in other words, that the error was not harmless—is remand required. *See Audler*, 501 F.3d at 449. Errors are harmless where "[i]t is inconceivable that the ALJ would have reached a different conclusion." *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). Here, it is entirely conceivable that the ALJ would reach a different conclusion if she were to properly evaluate Robert P.'s subjective complaints.

> As best as I can tell, certain combinations of [Robert P.]'s subjective complaints, if accepted, could plausibly result in a finding of disability; and other combinations might lead to the opposite result. Given the uncertainty surrounding the ALJ's reasoning, I conclude that it is conceivable that the ALJ could make a different administrative decision.

*Schwartz*, 2021 WL 3620071, at *3. Thus, this matter must be remanded.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the Social Security Administration for further proceedings consistent with this Opinion and Order.

SIGNED this 25th day of October 2024.

                                                                         ANDREW M. EDISON
                                                      UNITED STATES MAGISTRATE JUDGE